42 U.S.C. §1985, 1986 : <u>Civil Rights Conspiracy Claims</u>

Another clause in 1985(2) provides for actions against persons who conspire to obstruct "the due course of Justice" in state court with intent to deny any citizen the equal protection of the laws or to harm a citizen for enforcing or attempting to enforce the right to equal protection. In addition, § 1985 (3) provides for damages actions against persons who conspire . . . . For the purpose of depriving . . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and § 1986 provides for damage liability for anyone "who, having knowledge that [a §1985 conspiracy] is about to be committed does nothing about it.

Supporting Evidence for 42 U.S.C. §1985(2) is:

(A). After my complaint in court on March 24, 2008, led to the incident when he came to the County Jail that evening unprepared to work on my case and told me he would not get any evidence, or file any motions on my behalf.

  ( Supporting Evidence for this is my Court Docket showing from November of 2007 to May of 2008 nothing was done on my behal

(B). After filing a grievance with the Akron Bar Association, he approached me before going into the court room and told me he was mad at me, he wasn't going to ask the judge or prosecutor anything for me, and at this point, he doesn't care what happens to me. Then told the judge to place me in prison.
  ( Supporting Evidence is my Bar Grievance )
  ( Also Transcripts of day of May 5, 2008 )

This treatment Prejudiced me. My attorney's conduct during my pretrial phase was deliberate. Even if his misconduct was improper or "universally condemned", relief must be provided if the court concludes that the misconduct was so flagrant as to render the entire trial fundamentally unfair.

Refusing to address the fundamental unfairness of a pretrial riddled with Defense Counsel's misconduct creates the perception that we protect the right to a fair trial "only" when we believe that the defendant is not guilty. Our constitutional duty is to ensure that all defendants, regardless of guilt or innocence, receive a fair trial and to ensure that a person accused is presumed innocent until the state, within bounds of due process, satisfies its burden of proving beyond a reasonable doubt, all of the elements of the charged offense and the appropriateness of the imposed sentence. Upon review of my entire record, the evidence of my attorney's misconduct is so overwhelming, that he affected the fairness of my trial.

My trial attorney's performance in my case was deficient. He did not function as the "counsel" guaranteed the defendant by the Sixth Amendment, and deprived me the right of a fair trial, a trial whose result is reliable.

Tort (Assignment of Error 21)

Under Ohio Law, a plaintiff may bring an independant tort action for intentional infliction of emotional distress where a defendant engaged in "extreme and outrageous conduct" and caused plaintiff serious emotional distress. Yeager v. Local Union 20, Teamsters, 6 Ohio St. 3d 369, 453 N.E.2d 666 (Ohio 1983); Russ v. TRW, Inc., 59 Ohio St. 3d 42, 570 N.E.2d 1076, 1082 (Ohio 1991).

In order to establish a claim for intentional infliction of emotional distress, plaintiff must prove that Defendant intended or knew or should have known his conduct would cause serious emotional distress, conduct was outrageous and extreme beyond all possible bounds of decency, was the cause of plaintiff's psychic injury; and that emotional distress was serious enough that no reasonable person could be expected to endure it. Meyers v. Hot Bagels Factory, Inc., 131 Ohio App. 3d 82, 721 N.E. 2d 1068. 1075 (Ohio Ct. App. Jan. 22, 1999)

The Ohio Supreme Court, quoting and adopting the Restatement (Second) of Torts' definition of extreme and outrageous conduct, stated:

It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle the plaintiff to "punitive damages" for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

## Argument

Tortious Interference.

A claim for Tortious Interfernce with contract requires proof that :

(1). A valid contract existed
(2). The defendant was aware of the existance of the contract
(3). The defendant intentially procured a breach of the contract
(4). The defendant lacked justification for his conduct
(5). The plaintiff suffered damages as a result of the defendants conduct.

**Ament. v. Reassure Am. Life Ins. Co., 905 n.e.2d 1246, 180 Ohio App. 3d 440, 2009-Ohio-36.**

## (Knowledge) and intent; Malice.

"Malice", which overcomes a privilege defense to totious interference with contract, denotes an unjustified or improper interference with the contratual relationship.

Inherent in the concept of actual Malice, which overcomes a privilege defense t o tortious interference with contract, is the notion that a wrongful act has been done without any plausible legal justification.

ROE V. FLORES-ORTEGA, 528 U.S. 470, 120 S.Ct. 1029 (2000)

Adopted the two-part test for determining ineffective assistance, and this includes showing that Counsel was deficient. ID At 480. the presumption is the same the U.S. Supreme Court and Sixth Circuit have recognized, that "A presumption of prejudice Applies where Counsel's deficient resulted in the denial of an entire Judicial proceeding." DORN V. LAFLER, 601 F.3d 439, 445 (6th CIR, 2010 )(Citing Flores-Ortega, 528 U.S. At 483) thus, Dorn is entitled to a presumption of prejudice.

I did not know that I had limited Appellate rights, and whether those rights were Applicable to my CASE and what could be appealed, If anything. To understand those points, I needed advice From my Attorney-or-at least A conversation with my Attorney About what Could or Could Not be raised on Appeal. The "routine Consulting" the Supreme Court contemplated in Flores-Ortega did Not occur in my case. Failure to discuss the advantages and disadvantages In Appealing my CASE WAS A Violation of the Consulting requirement of Flores-Ortega And Shows, or helps to Show, the deficient performance of my Counsel. I respectfully Submits this AFFiDAVit made clear that, Had I been properly counseled About the potential challenges to my Conviction, I would Not have pleaded Guilty. IT Follows that, had I been properly Counseled "After" pleading guilty, I would Not be arguing this Claim.

This is a newspaper artical out of the Akron Beacon Journal that was printed about me.

## Man, 38, charged in Popeye's robbery

**AKRON:** An Akron man is in jail for allegedly robbing a Popeye's Chicken and Biscuits restaurant in Akron Sunday night.

Derrick D. Gillespie, 38, of Moeller Avenue, has been charged with aggravated robbery for allegedly walking into the restaurant at 620 N. Howard St. in Akron and demanding money from the cash register.

According to Akron police, Gillespie approached the counter with his hands in his pockets, acting as if he had a gun, and told a clerk, "Don't try me."

Gillespie left the store with about $61, police said.

Officers found the suspect on nearby Vesper Street, where he was taken into custody without incident.

Gillespie is in the Summit County Jail and is scheduled to be arraigned today.

What this artical fails to mention is on night of my arrest:

(A). I was in a incoherent and incapacitated state mentally and physically on night of November 11, 2007

(B). I was rushed to Akron City Hospital. I spent three days in I.C.U., uncontious or in a coma induced state.

(C). I woke up November 14, 2007, with no knowledge of what happened or how I got there.

(D). There was no money, guns, or any other type of evidence found on me linking me to this crime.

(E). Also, I was under the influence of a intolerable amount of crack cocaine, marijuana, wine, beer, and 5-6 different medications.

NONE OF this WAS presented At Court or to the Judge the whole six months I was in the County Jail.



## SUMMA
### Health System

Akron City Hospital
525 East Market St.
P.O. Box 2090
Akron, OH 44309-2090

St. Thomas Hospital
444 North Main St.
P.O. Box 2090
Akron, OH 44309-2090

Phone (330) 375-3000

October 22, 2008

Derrick Gillespie
#544-901
c/o Marion Correctional
P.O.Box 57
Marion, Ohio 43301

Re:    Request for medical records

Dear Mr. Gillespi:

You requested information as to whether or not your attorney, Walter Madison, requested your medical records during the period from November 2007 to May 2008. We have no record that your medical records were requested by Mr. Madison. However, the records were mailed to a Dr. Saddleton at the Summit County Jail on November 19, 2007.

Very truly yours,

Deborah A. Caldwell RN, JD
Risk Management Specialist
Summa Health System
(330) 996-8686

www.summahealth.org

Akron City Hospital • St. Thomas Hospital • Cuyahoga Falls General Hospital • SummaCare • Summa Health Network • Summa Hospitals Foundation



# Ohio Department of Rehabilitation and Correction

Marion Correctional Institution
940 Marion-Williamsport Road
Marion, OH 43302

Ted Strickland, Governor                 www.drc.state.oh.us                 Terry Collins, Director

1/3/2009

RE: Derrick Gillespie 544-901

To Whom it May Concern:

The mental health department at MCI did not receive a request for release of mental health information for Mr. Derrick Gillespie, current number 544-901, from any outside person or agency, to the best of our knowledge, during the time frame 10/07-5/08.  Such requests are processed through the Warden's office and are sent on to us. Neither of Mr. Gillespie's recent files, nor our log of releases, includes a request from outside this agency during the above-noted time-frame.

*I have been under the care of the mental Health Since 2006-07 and this information would have help to provide my mental Health problem, I was just released from prison when this incident occurred.*

Sincerely,

A. Linn-Mowery, MHM, MCI

# portage path
## behavioral health

www.portagepath.org

**Admissions Department**
phone 330-253-3100
in N. Summit Co. 800-828-4508

**Akron Clinic**
340 South Broadway Street
Akron, Ohio 44308
phone 330-253-3100
fax 330-376-8002

**Barberton Clinic**
105 Fifth Street S.E., Suite 6
Barberton, Ohio 44203
phone 330-745-0081
fax 330-745-6576

**North Summit Clinic**
792 Graham Road, Suite C
Cuyahoga Falls, Ohio 44221
phone 330-928-2324
fax 330-928-9188

**Psychiatric
Emergency Services**
10 Penfield Avenue
Akron, Ohio 44310
phone 330-762-6110
fax 330-434-2818

**Administration**
phone 330-253-3100
fax 330-253-5248

**portage path's** services
and facilities are
certified by the
Joint Commission
on Accreditation of
Healthcare Organizations.

**portage path** is
an affiliate of the
County Of Summit
Alcohol, Drug
Addiction and
Mental Health
Services Board
(ADM Board).

September 22, 2008

Derrick Gillespie #544-901
Mansfield Correctional Institution
PO Box 57
Marion, Ohio 43301

Dear Mr. Gillespie:

In response to your inquiry regarding your attorney's request for treatment information during the pre-trial phase, I have found no documentation other than from the probation department conducting the presentence investigation.

Unfortunately, due to your lack of follow-up after the initial counseling and Psychiatric Evaluation no other pertinent treatment information exists.

I hope that you are currently receiving all available mental health and addiction programming offered while incarcerated.

Sincerely,

Robert Waldsmith MA, LPC
Licensed Professional Counselor

Cynthia Seibel Lormor, Ph.D.
Clinical Supervisor

RW/gjb

## Daniel M. Horrigan - Summit County Clerk of Courts

| -- Dockets -- | -- 7/26/2010 -- |
|---|---|
| Home | Logoff |

| Criminal Case No | File Date | Type | Judge |
|---|---|---|---|
| CR-2007-11-3883 | 11/19/2007 | -- | PAUL GALLAGHER |

Searching.....

*Between 11-07 to 5-8-08, you will see my Attorney did nothing on my behalf*

| Filing Date | By Atty | Pleading Text | Document |
|---|---|---|---|
| 07/23/2010 | -- | CV RULE 58 NOTICES ISS. TO PROS. & DEF. ATTY | No Image |
| 07/23/2010 | -- | WARRANT TO CONVEY ISSUED - MARION | No Image |
| 07/21/2010 | -- | ON 7-12-10, ORDER DENYING MOTION FOR JUDICIAL RELEASE. S.C.S.O. RETURN THE DEFT. TO MARION CORR. F/W. PJG | Document 1 |
| 07/21/2010 | PRO SE | MOTION TO BRING IN THIRD PARTY | Document 2 |
| 07/21/2010 | PRO SE | DOCKET ENTRY | Document 3 |
| 07/21/2010 | -- | MOTION FOR REHEARING | Document 4 |
| 07/21/2010 | -- | MOTION FOR A STAY PENDING REVIEW | Document 5 |
| 07/20/2010 | -- | ATTORNEY FEE APPLICATION. $214. PJG | No Document Access |
| 07/20/2010 | -- | FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY | Document 6 |
| 07/16/2010 | PRO SE | MOTION TO REQUEST FOR RECONSIDERATION | Document 7 |
| 07/15/2010 | -- | ON 7-7-10, STATUS CALL 7-12-10 @ 1:15 PM. PJG | Document 8 |
| 07/14/2010 | -- | **CASE COSTED (JUDICIAL RELEASE - 1ST BILL) (STATEMENT TO PROBATION) | No Image |
| 07/13/2010 | -- | ON 6-28-10, MOTION FOR JUDICIAL RELEASE IS GRANTED. TO BE SCREENED FOR THE C.B.C.F. PROGRAM. THE BAL. OF THE PRISON SENTENCE IS SUSP'D., AND COMPLETE THE C.B.C.F. WHEN A BE BECOMES AVAILABLE. PAY ALL COURT COSTS. REMAIN IN S.C.J. UNTIL A BED IS AVAILABLE @ C.B.C.F., THEN TO BE RELEASED INTO THEIR CUSTODY. PJG | Document 9 |
| 07/07/2010 | -- | ORDER HOLDER / DO NOT EMERGENCY RELEASE. PJG | Document 10 |
| 06/14/2010 | NO ATTY. REQUIRED | WARRANT TO REMOVE ISSUED - MARION | No Image |
| 06/11/2010 | NO ATTY. REQUIRED | ORDER TO REMOVE/CONVEY: ON 6-7-10, A WARRANT BE ISSUED TO REMOVE THE DEFT. FROM MARION CORR. TO BE BROUGHT BACK FOR PHASE II MOTION FOR JUDICIAL RELEASE HEARING 6-28-10 @ 9 AM. PJG | Document 11 |
| 05/13/2010 | SCOTT RILLEY | MOTION FOR JUDICIAL RELEASE. | Document 12 |
| 03/02/2010 | NO ATTY. REQUIRED | 2/23/10: NUNC DISPOSITION FILED TO CORRECT ENTRY DATED 11/30/09 AND FILED 12/23/09 TO READ IN PART AS FOLLOWS: ...."SENT'D. TO AN AGREED PERIOD OF 3 YRS. INCARCERATION AND 3 YRS. MANDATORY POST-RELEASE CONTROL."... PJG | Document 13 |
| 02/22/2010 | -- | **CASE COSTED (ADDITIONAL) | No Image |
| 01/11/2010 | NO ATTY. REQUIRED | ON 1-6-2010, JAIL TIME CREDIT GRANTED - TOTAL 258 DAYS SERVED. PJG | Document 14 |

| | | | |
|---|---|---|---|
| 12/23/2009 | NO ATTY. REQUIRED | ON 12-18-09, ORDER DENYING MOTION TO WAIVE FINES & COSTS. DEFT. TO PERFORM A PERIOD OF COMM. SVC. IN LIEU OF PAYMENT OF COURT COSTS. DEFT. WAS NOT FINED. PJG | Document 15 |
| 12/23/2009 | NO ATTY. REQUIRED | NO RECORD OF ITN NUMBER/LETTER MAILED TO BCI. | No Image |
| 12/23/2009 | NO ATTY. REQUIRED | DISPOSITION MAILED TO ARRESTING AGENCY | No Image |
| 12/23/2009 | NO ATTY. REQUIRED | 11/30/09: DEFENDANT IS GUILTY OF ROBBERY, AMENDED CT. 2, O.R.C. 2911.02(A)(1)/(2), F 3. REMAINING CHARGES DISMISSED- SEE IMAGE. SENT'D. TO AN AGREED PERIOD OF 4 YRS. INCARCERATION AND MANDATORY 3 YRS. P.R.C. FOR ROBBERY. PAY COSTS. COURT WILL NOT OPPOSE DEFENDANT SPENDING LAST 3 MOS. IN C.B.C.F. PJG | Document 16 |
| 12/23/2009 | NO ATTY. REQUIRED | WARRANT TO CONVEY ISSUED | No Image |
| 12/18/2009 | SCOTT RILLEY | ATTORNEY FEE APPLICATION $575 PJG | No Document Access |
| 12/11/2009 | NO ATTY. REQUIRED | 23RD OF NOV 09 IT'S HEREBY ORDERED ARRAIGNMENT ON SUPP BE CONT. 30 OF NOV 09 AT 9:00 AM. PJG | Document 17 |
| 12/04/2009 | NO ATTY. REQUIRED | ORDER DENYING MOTION TO DISMISS. PJG | Document 18 |
| 12/02/2009 | SCOTT RILLEY | MOTION TO SUSPEND COURT COSTS AND FINES | Document 19 |
| 11/10/2009 | NO ATTY. REQUIRED | ON 11-2-09, COURT FINDS THE DEFT. WAS NOT SUFFERING FROM A SEVERE MENTAL DISEASE OR DEFECT AT THE TIME OF THE ALLEGES OFFENSE(S), AND DID HAVE THE CAPACITY TO UNDERSTAND THE WRONGFULNESS OF HIS ACTS. MOTION TO DISMISS IS TAKEN UNDER ADVISEMENT. REMANDED, STATUS CALL 11-23-09 @ 9 AM. PJG | Document 20 |
| 11/06/2009 | NO ATTY. REQUIRED | MOTION TO DISMISS IS OVERRULED. PJG | Document 21 |
| 11/03/2009 | NO ATTY. REQUIRED | SUPPLEMENTAL SUMMONS ISSUED | No Image |
| 11/03/2009 | NO ATTY. REQUIRED | SUPPLEMENTAL INDICTMENT FILED | Document 22 |
| 10/29/2009 | MARGARET TOMARO | STATE'S REPLY TO DEFENSE MOTION TO DISMISS | Document 23 |
| 10/19/2009 | SCOTT RILLEY | MOTION TO DISMISS | Document 24 |
| 10/07/2009 | NO ATTY. REQUIRED | ORDER FOR SANITY EVALUATION: ON 10-5-09, PSYCHO-DIAGNOSTIC CLINIC WILL EXAMINE THE DEFT. TO DETERMINE HIS MENTAL CONDITION AT THE TIME OF THE COMMISSION OF THE OFFENSE. REMANDED, MOTION HEARING 11-2-09 @ 1:30 PM. PJG | Document 25 |
| 10/06/2009 | MARGARET TOMARO | STATE'S REPLY TO DEFENSE MOTION TO DISMIS | Document 26 |
| 10/02/2009 | SCOTT RILLEY | MOTION TO DISMISS | Document 27 |
| 09/25/2009 | NO ATTY. REQUIRED | ON 9-21-09, DEFT.'S PLEA ENTERED ON 3-28-08, IS VACATED. PRETRIAL SET 10-5-09 @ 9 AM. PJG | Document 28 |
| 09/23/2009 | SCOTT RILLEY | DEFENDANT'S DEMAND FOR DISCOVERY | Document 29 |
| 09/23/2009 | SCOTT RILLEY | PLEA OF NOT GUILTY BY REASON OF INSANITY | Document 30 |
| 09/18/2009 | NO ATTY. REQUIRED | ON 9-14-09, STATUS CALL (RE-SENTENCING) CONT'D. 9-21-09 @ 9 AM. ATTY. SCOTT RILLEY - APPOINTED. JRK/PJG | Document 31 |

| 08/24/2009 | NO ATTY. REQUIRED | ON 8-19-09, A WARRANT BE ISSUED TO REMOVE THE DEFT. FROM MARION CORR. AND RETURN HIM FOR STATUS CALL SET 9-14-09 @ 9 AM. PJG | Document 32 |
|---|---|---|---|
| 08/24/2009 | NO ATTY. REQUIRED | WARRANT TO REMOVE ISSUED (FROM MARION TO SCJ FOR STATUS CALL) | No Image |
| 06/15/2009 | -- | JOURNAL ENTRY FROM 9TH DISTRICT COURT/APPEALS: C.A. 24248: JUDGMENT REVERSED & CAUSE REMANDED. | Document 33 |
| 06/09/2009 | -- | AUTHORIZATION RLSE. OF INFORMATION PRETRIAL | Document 34 |
| 12/17/2008 | -- | TRANSCRIPT OF PROCEEDINGS - SENTENCING, VOL. I OF I | Document 35 |
| 12/17/2008 | -- | TRANSCRIPT OF PROCEEDINGS/PLEA VOL. 1 OF 1 | Document 36 |
| 12/17/2008 | -- | CERTIFICATE OF SHORTHAND REPORTER | Document 37 |
| 12/17/2008 | -- | CERTIFICATE OF SHORTHAND REPORTER | Document 38 |
| 12/12/2008 | -- | PRAECIPE TO COURT REPORTER | Document 39 |
| 11/04/2008 | -- | 10/31/2008 PRO SE MOTION FOR PRODUCTION OF DOCUMENTS IS DENIED. PJG | Document 40 |
| 10/23/2008 | -- | PRODUCTION OF DOCUMENTS PETITION TO OBTAIN DISCOVERY. | Document 41 |
| 10/23/2008 | -- | PRODUCTION OF DOCUMENTS: MOTION TO COMPEL PRODUCTION. | Document 42 |
| 07/25/2008 | -- | ON 7-23-08, ORDER GRANTING MOTION TO SUSPEND FINES, AND ALL FINES IMPOSED ARE WAIVED., F/W. MOTION FOR APPOINTMENT OF COUNSEL (FOR PUSPOSES OF APPEAL) IS DENIED, AS THE DEFT. WAIVED HIS RIGHT TO APPEAL THIS CASE W/HIS PLEA OF GUILTY ON 3-28-08. PJG | Document 43 |
| 07/21/2008 | -- | MOTION FOR APPOINTMENT OF COUNSEL. | Document 44 |
| 07/21/2008 | -- | MOTION TO SUSPEND FINES. | Document 45 |
| 07/03/2008 | RICHARD KASAY | MEMORANDUM IN OPPOSITION | Document 46 |
| 07/01/2008 | -- | ON 6/27/08, ORDER DENYING MOTION TO W/DRAW GUILTY PLEA. PJG | Document 47 |
| 06/09/2008 | -- | MOTION TO WITHDRAW GUILTY PLEA. | Document 48 |
| 06/09/2008 | -- | DOCKETING STATEMENT | Document 49 |
| 06/06/2008 | -- | AFFIDAVIT OF INDIGENCY - COMMON PLEAS | Document 50 |
| 06/06/2008 | -- | MOTION TO WAIVE PAYMENT OF DEPOSIT. | Document 51 |
| 06/06/2008 | -- | STATEMENT AND PRAECIPE. | Document 52 |
| 06/06/2008 | -- | NOTICE OF APPEAL. | Document 53 |
| 06/06/2008 | -- | MOTION TO APPOINT COUNSEL. | Document 54 |
| 06/06/2008 | -- | AFFIDAVIT OF INDIGENCY. | Document 55 |
| 06/06/2008 | -- | AFFIDAVIT OF INDIGENCY - COMMON PLEAS | Document 56 |
| 06/05/2008 | PRO SE | MOTION FOR COURT RECORDS W/O COST | Document 57 |
| 06/05/2008 | PRO SE | AFFIDAVIT OF INDENGENCY | Document 58 |
| 06/05/2008 | PRO SE | PRAECIPE | Document 59 |
| 06/05/2008 | PRO SE | AFFIDAVIT OF INDENGENCY. | Document 60 |
| 06/05/2008 | PRO SE | MOTION TO APPOINT COUNSEL. | Document 61 |
| 06/05/2008 | PRO SE | NOTICE OF APPEAL. | Document 62 |
| 05/22/2008 | -- | ON 5/19/08, COSTS INCURRED IN THIS CASE ARE WAIVED. PJG | Document 63 |
| 05/13/2008 | -- | **CASE COSTED THRU 05/06/2008 FOR ORIGINAL COSTS. $397.00 | No Image |
| 05/06/2008 | NO ATTY. REQUIRED | WARRANT TO CONVEY ISSUED | No Image |

| | | | |
|---|---|---|---|
| 05/06/2008 | -- | NO RECORD OF ITN NUMBER/LETTER MAILED TO BCI. | No Image |
| 05/06/2008 | -- | DISPOSITION MAILED TO ARRESTING AGENCY | No Image |
| 05/06/2008 | NO ATTY. REQUIRED | 5/5/08: DEFENDANT IS GUILTY OF ROBBERY, AMENDED CT. 2, O.R.C. 2911.02(A)(1)/(2), F3. REMAINING CHARGES DISMISSED- SEE IMAGE. SENT'D. TO 4 YRS. INCARCERATION FOR ROBBERY. PAY COSTS. PJG | Document 64 |
| 04/03/2008 | -- | ON 3/28/08, COURT AMENDS CNT. 2 TO LESS/INCL. OFFENSE OF ROBBERY, F-3. PLEAD GUILTY TO ROBBERY, AMENDED CNT. 2, O.R.C. 2911.02(A)(1)/(A)(2), F-3, W/FIREARM SPEC. 1 TO CNT. 2. DISMISSED CHARGES-SEE IMAGE. CASE BE REFERRED FOR P.S.I. AND REPORT W/VICTIM IMPACT STATEMENT. REMANDED, SENTENCING 5/5/08 @ 9 AM. PJG | Document 65 |
| 04/01/2008 | -- | ON 3/26/08, TRIAL 3/27/08, IS CANCELLED. REMANDED, STATUS CONFERENCE 3/28/08 @ 8:30 AM. PJG | Document 66 |
| 03/26/2008 | -- | ON 3/24/08, TRIAL CONFIRMED 3/27/08 @ 9 AM. PJG | Document 67 |
| 03/19/2008 | -- | SUBPOENA ISSUED: T.L.JOHNSON | No Document Access |
| 03/19/2008 | -- | SUBPOENA ISSUED: S.R.DOWDY | No Document Access |
| 01/31/2008 | -- | ON 1/28/08, TRIAL 3/27/08 @ 9 AM. REMANDED, FINAL PRETRIAL 3/24/08 @ 9 AM. PJG | Document 68 |
| 01/30/2008 | -- | TIME WAIVER. PJG | Document 69 |
| 01/17/2008 | -- | ON 1/14/08, PRETRIAL CONT'D. 1/22/08 @ 10 AM. PJG | Document 70 |
| 01/03/2008 | -- | ON 12/31/07, PRETRIAL CONT'D. 1/14/08 @ 9 AM. PJG | Document 71 |
| 12/11/2007 | -- | ON 12/10/07, PRETRIAL CONT'D. 12/31/07 @ 9 AM. PJG | Document 72 |
| 12/11/2007 | -- | AKRON MUNI COURT COSTS - 07CRA14133 | No Image |
| 12/04/2007 | -- | JOURNAL ENTRY OF ARRAIGNMENT: ON 11/30/07, PLEAD NOT GUILTY. BOND $25,000 - 10%, & NO CONTACT! CASE ASSIGNED - JUDGE GALLAGHER. REMANDED, PRETRIAL 12/10/07 @ 9 AM. JHS | Document 73 |
| 12/04/2007 | NO ATTY. REQUIRED | CASE TRANSFERRED FROM AKRON MUNI COURT | No Document Access |
| 12/03/2007 | BECKY DOHERTY | STATE'S DEMAND FOR DISCOVERY. | Document 74 |
| 11/30/2007 | -- | BOND CONTINUED: $25,000 - 10%, & NO CONTACT! JHS | Document 75 |
| 11/28/2007 | -- | FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY | Document 76 |
| 11/27/2007 | NO ATTY. REQUIRED | SUMMONS ISSUED | No Image |
| 11/27/2007 | NO ATTY. REQUIRED | INDICTMENT FILED | Document 77 |
| 11/19/2007 | -- | DIRECT INDICTMENT INFORMATION SHEET | No Document Access |

**Showing Results From 1 To 99**

Back to Top

**Click the back button on the browser to go to previous page.**

*This is motive and entent why my Attorney did what he did to me during my Sentencing for phase of my trial.*



# akron bar association
(Serving all of Summit County)

May 13, 2008

Mr. Derrick Gillespie
Summit County Jail
205 E. Crosier St.
Akron, OH 44311

Dear Mr. Gillespie:

The Certified Grievance Committee of the Akron Bar Association is constituted pursuant to Rule V of the Supreme Court Rules for the Government of the Bar of Ohio. The authority of the Certified Grievance Committee is limited to the investigation of allegations of attorney misconduct which would be in violation of the former Disciplinary Rules prior to February 1, 2007, or the new Ohio Rules of Professional Conduct regarding allegations occurring on or after February 1, 2007.

I have carefully reviewed your complaint. Although you may not be satisfied with the services of your court appointed attorney, that does not rise to the level of an allegation of misconduct in violation of the Disciplinary Rules.

You pleaded guilty to an F3 Robbery on March 28, 2008 and while awaiting sentencing you filed this complaint. We cannot and will not be used in an attempt to influence pending criminal cases. You were then sentenced to four years of incarceration on May 5, 2008. If you have a complaint regarding the voluntariness of your plea that is a legal matter to be taken up with the Court or Court of Appeals, not the Akron Bar Association.

Based upon your letter and in light of the requirements of the Code of Professional Responsibility, I have concluded that your letter does not allege a disciplinary violation. For the aforementioned reasons, your complaint against Attorney Walter T. Madison is dismissed and no further investigation will be conducted by this committee into the matter.

J. DEAN CARRO, President
HON. LINDA TUCCI TEODOSIO, Vice President
DEBORAH S. MATZ, Treasurer
MONTRELLA JACKSON, Secretary
SUSAN D. LENGAL, Executive Director

Board of Trustees
HON. JOHN R. ADAMS
WILLIAM G. CHRIS
STEVEN COX
MICHAEL J. DELMEDICO
WILLIAM D. DOWLING

JOSEPH W. GIBSON
GERALD J. GLINSEK
JOHN L. REYES
JOANN M. SAHL
MELINDA SMITH YEARGIN

Bar Counsel:
STEPHEN A. FALLIS
Ex-Officios:
CRAIG S. HORBUS
WILLIAM D. JORDAN, III
CARMEN V. ROBERTO

**PLEASE NOTE:** Under the rules by which grievance investigations are governed in the State of Ohio, you have certain appeal rights. These rights are spelled out in the enclosed document. Please review that item carefully.

Respectfully,

Stephen A. Fallis, Bar Counsel
Certified Grievance Committee

Enc.

Cc: Attorney Walter T. Madison

*A. The Respondent's Professional Duties*

{¶ 5} As a member of the Ohio bar, respondent owes duties to his clients, the general public, the legal profession, and the legal system. In addition to Gov.Bar R. V(4)(G), the following ethical standards are at stake:

{¶ 6} 1. DR 1-102(A)(4) and (6), which respectively prohibit a lawyer from engaging in conduct involving "dishonesty, fraud, deceit, or misrepresentation" and "other conduct that adversely reflects on the lawyer's fitness to practice law."

{¶ 7} 2. DR 1-104, which in requiring disclosures concerning professional liability insurance provides:

{¶ 8} "(A) A lawyer shall inform a client at the time of the client's engagement of the lawyer or at any time subsequent to the engagement if the lawyer does not maintain professional liability insurance * * *. The notice shall be provided to the client on a separate form * * *.

{¶ 9} "(B) A lawyer shall maintain a copy of the notice signed by the client for five years after termination of representation of the client."

{¶ 10} 3. DR 2-110(A)(2), which in prohibiting improper withdrawal from legal representation provides:

{¶ 11} "[A] lawyer shall not withdraw from employment until the lawyer has taken reasonable steps to avoid foreseeable prejudice to the rights of his or her client, including giving due notice to his or her client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

{¶ 12} 4. DR 6-101(A)(1) and (3), which respectively prohibit a lawyer from handling "a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it" and neglect of an entrusted legal matter.

**806 {¶ 13} 5. DR 9-102(A) and (B)(4), which respectively require a lawyer to deposit all client funds other than costs and expenses in one or more separate, identifiable bank accounts maintained in the state and to promptly pay or deliver upon request property in the lawyer's possession that the client is entitled to receive.

{¶ 14} 6. Prof.Cond.R. 1.3, which provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

{¶ 15} 7. Prof.Cond.R. 1.15, which in ensuring the safety of client funds and property provides:

*47 {¶ 16} "(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. * * * The account shall be designated as a 'client trust account,' 'IOLTA account,' or with a clearly identifiable fiduciary title. * * *

{¶ 17} "* * *

{¶ 18} "(c) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred."

{¶ 19} 8. Prof.Cond.R. 1.16, which governs declining or terminating legal representation and provides:

## Sanction

[7] {¶ 44} "A lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20; see also *Disciplinary Counsel v. Gosling*, 114 Ohio St.3d 474, 2007-Ohio-4267, 873 N.E.2d 282, ¶ 12; *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891,

( inEffective assistance )

## OHIO REVISED CODES

### 2317.02.2(B) (REQUEST TO HEALTH CARE PROVIDER FOR RESULTS OF A ALCOHOL OR DRUG TEST FOR USE IN A CRIMINAL PROCEEDING

IN an official criminal investigation that has begun regarding a person, or if a criminal action or proceeding is commencing against a person, any law enforcement officer who wishes to obtaiN from any health care provider a copy of any records the provider possesses that pertain to any test for the presence of drugs and alcohol in the persons blood, breath, or urine, at anytime relevant to the criminal offense may do so.

### 2905.12    (COERCION)

(A)  No person, with purpose to coerce another into taking or refraining from action concerning which he has a legal freedom of choice:

(2)  Utter or threaten any calamity against a person.

(5)  Take or withhold official action to be taken.

### 2913.01    (DECEPTION)

No person shall knowingly decieve another by withholding information by preventing another from acquiring information

### 2921.03, 2921.04  (INTIMIDATION)

(A) No person knowingly and by force use a materially false statement or fraudelent statement with malicious purpose in bad faith, or in a wanton or reckless matter.

(C) A person who violates this section is liable in a civil action to any person harmed by the violation.

### 2921.44 (B) (E) F)  (DERELICTION OF DUTY)

(B) No law enforcement, minsterial, or judicial officer shall negligently fail to perform a lawful duty in a criminal case or proceeding.

(E)  No public servant shall reckless fail to perform a duty expressly imposed by law with respect to his office, or recklessly do any act expressly forbidden by law with respect to his office.

(F) WHoever violates this section is guilty of dereliction of duty, a misdemeanor of the second degree.

## 2921.32 (A)(B)  ( OBSTRUCTING JUSTICE )

(A)  No person, with the purpose to hinder the discovery, appre-
     hension, prosecution, conviction, or punishment of another
     for a crime or to assist another to benifit from the commi-
     ssion of a crime, shall do any of the following:

(4)  Destroy or conceal physical evidence of the crime or act,
     or induce any person to withhold testimony or information or
     to elude legal process summoning the person to testify or
     supply evidence;

(5)  Communicate false information to any person;

(6)  Prevent or obstruct any person, by means of force, intimi-
     dation, or deception, from performing any act to aid in the
     discovery, apprehension, or prosecution of the other person;

(B)  A person may be prosecuted for, and may be convicted of a
     violation of division (A) of this section regardless of
     whether the person aided ultimately is apprehended for, is
     charged with, is convicted of, for committing the crime or
     act the person committed;

(3)  Except as otherwise provided in division (C)(4) and (5) of
     this section, if the crime committed by the person aided is a
     felony, obstruting justice is a felony of the fifth degree.


## 2921.45 (A)(B)  INTERFERING WITH CIVIL RIGHTS

(A)  No public servant, under the color of his office, emploment,
     or authority, shall knowingly deprive, or conspire or attept
     to deprive any person of a constitutional or statutory right

(B)  Whoever violates this section is guilty of interfering with
     civil rights, a misdemeanor of the first degree.

### 2921.05  Retaliation

(B). No person, purposely and by force or by unlawful threat of
     harm to any person or property, shall retaliate against the
     victim of a crime because the victim filed or prosecuted
     criminal charges.

     Whoever violates this section is guilty of retaliation,
     a felony of the third degree.

Code Of Professional responsibility

## Disciplinary Rules

DR 1-102  Misconduct

(A). A lawyer shall not;

(4). Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(6). Engage in any other conduct that adversely reflects on the lawyers fitness to practice law.

## Canon 4

**A lawyer should preserve the confidences and secrets of a client**

EC 4-4  The attorney-client privilege is more limited than the ethical obligation of a lawyer to guard the confidences and secrets of his client. This ethical precept, unlike the evidentiary privilege, exists without regard to the nature or source of information or the fact that others share the knowledge. A lawyer should endeavor to act in a manner preserves the evidentiary privilege; For example he should avoid professional discussions in the presence of persons to whom the privilege does not extend. A lawyer owes an obligation to advise the client of the attorney-client privilege and timely to assert the privilege unless it is waved by the client.

( I had to discuss my case in front of other inmates before going into the court room ).

## Canon 5

**A lawyer should exercise independant professional judgment on beh alf of a client.**

EC 5-1  The professional judgment of a lawyer should be exercised within the bounds of the law, solely for the benefit of the client and free of compromising influences and loyalties. Neither his personal interests, the interests of other clients, nor the desires of third persons should be permitted to dilute his loyalty to his client.

I

Interrest of a lawyer that may affect his judgment

EC 5-2    A lawyer should, after accepting employment, refrain from assuming a position that would tend to make his judgment less protective of the interests of his client.

EC 5-11   A lawyer should not let his personal interests to influence his advise relative to a suggestion by his client that additional counsel be employed. In like manner, his personal interest should not deter him from suggesting that additional counsel be employed; on the contrary, he should be alert to the desirability of recommending additional counsel when, in his judgment the proper representation of his client requires it.

## Canon 6

### *A lawyer should represent a client competently

EC 6-1    Because of his vital role in the lagal process, a lawyer should act with competence and proper care in representing clients.

EC 6-4    Having undertaken representation, a lawyer should use proper care to safeguard the interests of his client.

### Disciplinary rules

DR 6-101 Failing to act competently

    (A). A lawyer shall not:

        (2). Handle a legal matter without preparation adequate in the circumstances.

        (3). Neglect a legal matter entrusted to him.

## Canon 7

### Disciplinary rules

DR 7-101 Representing a client zealously

    (A). A lawyer shall not intentionally:

        (2). fail to carry out a contract of emploment entered into with a client for professional services. DR 2-110, DR 5-102, and DR 5-105

Ⅱ

(3). Prejudice or damage his client during the course of the professional relationship.

DR 7-102 Representing a client within the bounds of the law

(A). In his representation of a client, a lawyer shall not:

(3). Conceal or knowingly fail to disclose that which he is required by law to reveal,

(4). knowingly use perjured testimony or false evidence.

(5). knowingly make a false statement of law or fact.

DR 7-106 Trial Conduct

(C). In appearing in his professional capacity before a tribunal, a lawyer shall not:

(1). state or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence

(4). assert his personal opinion as to the guilt or innocence of an accused.

## DISCIPLINARY RULES

DR 8-101 Action as a public official

(A). A lawyer who holds public office shall not:

(2). use his public position to influence, or attempt to influence, a tribunal to act in favor of himself or of a client.

EXAMPLE:
(my court appointed attorneys repeated statement to the judge to place me in prison without my consent on May 5, 2008.

## Canon 2

## Acceptance and retention of employment

EC 2-30  Trial counsel for a convicted defendant should continue to represent client by advising whether to take an appeal and, if the appeal is prosecuted, by representing him through the appeal unless new counsel is subsitituted or withdrawal is permitted by the appropriate court.

III

( ARGUMENT To the Courts to Hear petition )

Civil Rights 42 U.S.C. 1983

A court deciding An Actual ineffectiveness Claim must Judge the reasonableness of Counsel's Challenged Conduct on the Facts of the particular case, viewed As of the time of Counsels conduct. A convicted defendant making A claim of ineffective Assistance of Counsel must Identify the Acts or omissions of Counsel that Are alleged not to have been the result of reasonable Professional Judgment. The Court then must determine whether, in light of all the circumstances, the identified Acts or omissions were outside the wide range of Professional Competent Assistance. WASHington v. Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed 2d 674.

Inquiry into Counsels Conversations with the defendant may be Critical to A proper Assessment of Counsel's investigation decisions, Just As it may be Critical to A proper Assessment of Counsels other litigation decisions, effective Assistance. It relies instead on the legal professions maintenance of Standards Sufficient to Justify the Laws presumption that Counsel will fulfill the Role in the adversary Process that the Amendment envisions. Michel v. Louisiana, 350 U.S. 91 100-101. The proper measure of Attorney Performance Remains simply Reasonableness under prevailing professional Norms.

Representation of A Criminal defendant entails Certain basic duties. Counsel's Function is to Assist the defendant, and hence Counsel owes the client A duty of loyalty, A duty to Avoid Conflict of interest. Cuyler v. Sullivan, Supra, At 346. From Counsel's

function As Assistance to the defendant derive the over-
Arching duty to advocate the defendants cause And the
more particular duties to consult with the defendant on import-
ant decisions And to keep the defendant informed of important
developments in the course of the prosecution. Counsel Also has
A duty to bring to bear such skill and knowledge as will render
the trial A reliable Adversarial Testing process. Powell v. Alabama,
287 U.S., At 68-69.

A petitioner is unlawfully subjected to physical restraint, from
Standpoint of Availability of habeas corpus Relief, where a
Statue under which he was convicted is *unconstitutional*, where
he is imprisoned prior to trial on account of *defective Indict-
ment*, is unlawfully confined in wrong institution, was *denied con-
stitutional Rights* At trial, gave *invalid guilty plea* or is being
unlawfully detained by executive or military, or where *his parole
was unlawfully revoked* causing him to be Reincarcerated in prison.
28 U.S.C.A. §§ 2241(c)(3), 2254(A).

Plaintiff first Argues that if Remedy under Civil Rights Act is
Available, plaintiff need not first seek redress in state forum.
28 U.S.C.A. § 2254(b): 42 U.S.C.A. 1983. If plaintiff is seeking
damages, he is Attacking something other than fact or length of his
confinement, i.e., something other than traditional purpose of
habeas corpus, and thus damage Action by State prisoner
can be brought under Civil Rights Act in federal court with-
out any requirement of prior exhaustion of state remedies.
28 U.S.C.A. § 2254(b); 42 U.S.C.A. 1983.

I was unlawfully subjected to physical restraint, From

Standpoint of Availability of habeas corpus relief, where a statue under which I was convicted is unconstitutional, where I was imprisoned prior to my trial date and sentenced on account of a defective indictment, denied constitutional rights during pre-trial, gave an invalid guilty plea, and was represented by ineffective Assistance of Counsel. 28 U.S.C.A. §§ 2241(c)(3), 2254(a).

IF the plaintiff challenges the sufficiency of the evidence adduced in such state court proceeding to support the state court's determination of a factual issue made therein, the Applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the state shall produce such part of the record, and the federal court shall direct the state to do so by order directed to an appropriate state official If the state cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the state court's factual determination.

Because of plaintiffs court appointed attorney's conduct, he suffered the stigma of a criminal conviction involving moral turpitude and suffered severe emotional distress. A plaintiff do not have to allege a reversal of the criminal conviction to allege an action for legal malpractice. Punitive damages may

be sought on a 1983 claim upon a showing that the defendant's conduct was motivated by evil motive or intent, or when it involves Reckless or callous indifference to the federally protected rights of others. Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed 2d 632 (1983).

The Law states under Prof. Cond. R. 8.4(b) and (H), which Respectively prohibit a lawyer from engaging in conduct that is prejudicial to the administration of justice and "other conduct that adversely reflects on the lawyer's fitness to practice Law."

Claims for false imprisonment and malicious prosecution, the court noted that a guilty conviction, even if later reversed, raises a conclusive presumption of probable cause and constitutes a complete defense in a later action for malicious prosecution... ... However, fraud or unlawful means in securing a conviction can negate probable cause as shown by my conviction, Vesey v. Connally, 112 Ohio App. 225, 175 N.E. 2d at 876, 878.

A plaintiff in a Legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. However, the Supreme Court states that, they cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truely have a meritorious Legal malpractice claim such as the Plaintiff does here.

In this case, the plaintiff, allege by clear implication, that his claimed damage resulted from the ineffective handling of his case and criminal conviction. Plaintiffs claim is founded on a variety of violations of his rights due to ineffective assistance of counsel. The alleged ERRORS in plaintiffs case by his court appointed attorney not only created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting plaintiffs entire trial with errors of constitutional dimensions. United States V FRAdy, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed. 2d 816 (1982). This case falls within the category of cases considered a fundamental miscarriage of justice because the constitutional errors in plaintiffs case resulted in his conviction despite actual innocence.

In conclusion, each lawyer, by virtue of the positive, substantive law of this state, has a duty of care consistent with the level of expertise the lawyer holds himself out as possessing and consistent with the circumstances of the case. This duty is non-delegable. It is owing to each client he or she undertakes to serve, and in that regard, the client has a correlative right.

A public official is liable under 42 U.S.C.S. § 1983 if he causes the plaintiff to be subjected to deprivation of his constitutional rights, 575 F.2d, at 512. With the understanding that the fourteenth amendment does not protect against "All deprivations of Liberty," it does protect against "deprivations of Liberty accomplished without due process of law,"

The Sixth Amendment recognizes the right to the assistance

of Counsel because it envisions Counsel's playing A role that is CRitical to the ability of the adversarial System to produce Just results. ID, At 685, 104 S. Ct. 2052.

The Plaintiff's trial Attorney played No such role in the representation of me and my case, and his Actions have Seriously undermined the fundamental Fairness of my trial and the Justness of my Conviction.

With that Said, I was denied the right to the effective Assistance of Counsel guaranteed to me under U.S. Const. Amend. VI and XIV and Ohio Const. Art. 1, § 10, and ask the Court to Award me Eighty-Five Thousand dollars, in Noneconomical detriment damages, for misRepresentation and Contributing to my Conviction, for inflicting emotional and mental distress.

ARGUMENT Why Petition is Late

(1)    WHEN A defendant is represented by a NEW Attorney on direct Appeal, ineffective Assistance of Trial Counsel claims should be brought on direct Appeal, as that is the first opportunity to raise the claim. See; State V. Williams 1996, 74 Ohio St. 3d 454, 455, 659 N.E. 2d 1253. Under that circumstance, the NEW Attorney would Not be enjoyed from Asserting the ineffectiveness of Appellant trial Counsel. State V. Cole (1982), 2 Ohio St. 3d 112, 114 And fn. 1, 443 N.E. 2d 169.

(2)    If the direct Appeal is pending beyond the 180-day window, the defendant must look to other options to File ineffective Assistance of Counsel. For example, if "the petitioner was unavoidably prevented from discovery of the Facts upon which the petitioner must Rely to Present the claim For relief" and "shows by clear and convincing evidence that, but for Constitutional ERROR at trial, No reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23 (A)(1)(2),(B).

(3)    While the appeal was pending, I did not have any Attorney Looking for and certainly not Raising, any claim that my trial Counsel was ineffective for Failing to make Certain arguments, File A Fast and Speedy trial, and File any motion on my behalf relating to my case

(4)    Moreover, the Appeal was pending beyond the date For timely Filing a petition under R.C. 2953.23(A). The Trial Transcript was Filed December 17, 2008, so that I had until June 17, 2009 to File timely. The direct Appeal was pending before the court until November 30, 2009. I was prevented From discovery of the

cont. →

④ discovery of the Facts And Evidence And Not Afforded my due process Right to have effective Assistance of Appellate Counsel by Failing to notify me that she was Representing me, misleading me to believe that she would incorporate Some of my arguments with hers and Not Allowing me to Review the brief before filing so that I could have it Amended if I needed to. I recieved a copy of my brief after it was too late to amend it. ⑤ cont. —➔

⑥ As a Result, my only option is to raise my Claim of ineffective Assistance Against my trial Counsel under R.C. 2953.23. That statue does Not place a time Limitation – such as a number of Days or years – on the petition. The statue only requires that the petitioner show that he was "UNAvoidably prevented" from filing the claim earlier.

⑦ IN my case, the state will File a motion Suggesting that I could have Filed my ineffective Assistance of Counsel claim within the 180-day window by hiring Seperate Counsel or Filing Pro Se. But the state cited Absolutely No Authority in Support of the proposition that a defendant who is represented by an Attorney on direct Appeal would be required to hire NEW Counsel or act Pro Se just to Learn that a Claim of ineffective Assistance of trial Counsel existed and needed to be filed within a certain period of time. Indeed, that position would be Novel, if Not outright Shocking.

⑧ IF the State were Correct, it would mean that when a defendant is represented by new Counsel on Appeal, A new attorney Comes into the case and looks For Errors, IF that Attorney Sees a Claim of ineffective Assistance of Trial Counsel, The new Attorney Raises that Claim in the direct Appeal. The effective Assistance of that Appellate Attorney is required. SEE; Evitts V. Lucey (1985), 469 U.S. 387, 394, 105 S.Ct. 830; Cornwell V. Bradshaw (6th Cir. 2009), 559 F.3d 398, 412.

⑤

THE ERRORS that occured in my Case infected my Entire trial with Errors of Constitutional Dimensions. My Journal Entry had to be Corrected After Appeal because of Clerical Error of Guilty Plea to charge, Had to be Corrected Again do to sentence, Jail time needed to be Calculated Correctly, etc., etc. This Case FAlls within the Category of Cases Considered A Fundamental miscarriage of Justice because the Constitutional Errors in my CASE resulted in my Conviction despite Actual Innocence. IN Holland Excavating, Inc. v. Martin, et Al., 162 Ohio App. 3d 471, 2005-Ohio-3662, 833 N.E.2d 1273. Th Court held that A Lack of trust And Confidence between Attorney and Client does not necessarily Constitutes the termination of the Relationship For purposes of determining the commencement of the Statue of Limitations.

6# Return to previous page.

(9) The defendant cannot be expected to determine on his or her own, and while the appeal is pending, that trial counsel was "prejudicially" ineffective. The defendant also cannot be expected to know that he or she may need to hire a second attorney while the appeal is pending for the purpose of reviewing to look for potential prejudicial trial counsel errors.

(10) Accordingly, a defendant who has a new attorney on appeal can rely upon that new attorney to review the record and raise any viable or potential ineffective assistance of trial counsel claims on appeal. The defendant's Sixth Amendment rights are fully protected, as any abridgment of the right to effective trial counsel is timely noted by attorney and timely raised. A backup procedure even exists to protect those rights. If the appellate attorney fails to raise the ineffective assistance of trial counsel errors on appeal, the defendant is able to later file an application to reopen the appeal.

(11) To emphasize, this is an enormous difference in position for Ohio citizens charged and convicted of crimes. One group has an attorney actively looking for and raising ineffective assistance of trial counsel errors within the 180-day period of R.C. 2953.21(A). The other group has no attorney looking for ineffective assistance of trial counsel errors during that time and, if the appeal lasts longer than the 180-day period, the defendants in that group must rely upon R.C. 2953.23 to bring claims of ineffective assistance of counsel. "No mechanism" exists in Ohio law for that defendant to timely learn about and file a claim of ineffective assistance of trial counsel.

(12) So I beg the court to not dismiss this petition and allow it to proceed under the statue, O.R.C. 2953.23 (A)(1)(a).