UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK GILLESPIE, | ) | CASE NO.  5:10cv1989 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WALTER T. MADISON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff *pro se* Derrick Gillespie brings this action under 42 U.S.C. §§ 1983, 1985, 1986 against Defendant Walter T. Madison, the attorney that represented him in his criminal case. He also includes a state law claim for intentional infliction of emotional distress. Plaintiff pled guilty to robbery in the Court of Common Pleas of Summit County, Ohio, and on November 30, 2009, was sentenced to a term of imprisonment of four years. The essence of his Complaint is that he was denied effective assistance of counsel. Plaintiff requests $85,000.00 in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e)(2).

Plaintiff's allegation that he was denied effective assistance of counsel clearly

challenges the validity of his conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, [...] his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his confinement. *Id*

Moreover, 42 U.S.C. § 1983 provides a right of action for violation of federal rights or guarantees. *Gardner v. City of Cleveland*, 656 F. Supp. 2d 751, 758 (N.D. Ohio 2009). In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements [...] are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588, at *3 (N.D. Ohio Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "An attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law." *Deal v. Massey & Associates*, 2010 WL 3397681, at *4 (E.D. Tenn. Aug. 26, 2010) (citing *Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (federal defender did not act under color of law); *Mulligan v. Schlachter,* 389 F.2d 231, 233 (6th Cir. 1968) (a private attorney does not act under color of state law despite the fact he has been appointed by the court)).

Plaintiff included a cause of action under 42 U.S.C. §§ 1985(2) for conspiracy to deny equal protection of the law for enforcing the right to equal protection. The second portion of 42 U.S.C. § 1985(2), which is applicable to his assertion, provides:

> [O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws [...].

In order to prove a cause of action under 42 U.S.C. § 1985(2), a plaintiff must show the existence of a conspiracy among two or more persons. *Azar v. Conley,* 456 F.2d 1382, 1384 (6th Cir. 1972). In addition, there must be allegations of racial discrimination or otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). Plaintiff has not alleged the participation in this civil rights action of two persons, nor has he alleged any class based discrimination.

In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must prove: 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, 3) an act in furtherance of that conspiracy, 4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir. 1998). The conspiracy must be motivated by racial, or other class-based animus. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268, (1993). Again, there is no allegation in the Complaint concerning a conspiracy involving two persons or race or other class-based discrimination.

42 U.S.C. § 1986 is dependent on a valid claim pursuant to 42 U.S.C. § 1985.

*Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir. 1999). Because the Court has dismissed the claims under §§ 1985(2) and (3), Plaintiff cannot prevail under § 1986.

Accordingly, for the reasons set forth above, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Because the federal claims against Defendant are dismissed, the pendent state claim for intentional infliction of emotional distress should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Since the Court has granted judgment on the federal claims, the state pendent claim is hereby dismissed pursuant to 28 U.S.C. § 1367(c)(3).[1] *Id.*

**IT IS SO ORDERED**.

Dated: October 15, 2010

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] On October 13, 2010, Plaintiff filed a "Motion to Amend" his Complaint to include a state law action for Ohio Revised Code § 2743.51, claiming an entitlement to damages for "Noneconomical Detriment." (Doc. No.6.) The addition of this claim does not change the analysis set forth above. Moreover, because the federal claims have been dismissed, this pendent state claim shall be dismissed, as well, pursuant to 28 U.S.C. § 1367(c)(3).